UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SURESH KUMAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19CV284 |
| | § | |
| FRISCO INDEPENDENT SCHOOL DISTRICT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' PROPOSED FINDINGS OF FACT
AND CONCLUSION OF LAW**

Pursuant to the Court's Scheduling Order [Dkt. 21], Defendants file the following proposed findings of fact and conclusions of law.[1]

**A. Findings of Fact**

1. Plaintiff has not proven that the relevant minority group population in FISD (an alleged coalition of African Americans, Hispanics, and Asians) is sufficiently large and geographically compact to constitute a majority in a single member district.

2. Plaintiff's proposed illustrative district does not encompass a district with a greater-than-50-percent-voting-age minority population of African Americans, Hispanics, and Asians in FISD.

3. Plaintiff's proposed illustrative district does not account for traditional districting principles, including maintaining communities of interest and traditional boundaries.

4. The creation of the shape of Plaintiff's proposed illustrative district is an effort to segregate the races for purposed voting, without regard for traditional districting principles.

5. Plaintiff's proposed illustrative district divides 13 elementary school attendance zones within FISD.

6. Plaintiff's proposed illustrative district divides nine middle school attendance zones within FISD.

---

[1] If any finding of fact should be treated as a conclusion of law, Defendants request that the Court treat it as such; and if any conclusion of law should be treated as a finding of fact, Defendants request that the Court treat it as such.

**DEFENDANTS' PROPOSED FINDINGS OF FACT** PAGE 1
**AND CONCLUSION OF LAW**
2999210

7. Plaintiff's proposed illustrative district divides six high school attendance zones within FISD.

8. Plaintiff's proposed illustrative district divides the following neighborhoods/subdivisions within FISD: Shepherds Hill, Cypress Creek, Panther Creek Estates, Dominion at Panther Creek, Latera, Hickory Ridge (in Plano), Estates at Cobb Hill, Village at Cobb Hill, Hickory Springs.

9. Plaintiff's proposed illustrative district divides census blocks within FISD.

10. Plaintiff's proposed illustrative district divides the portion of the City of Plano that is within FISD.

11. Plaintiff's proposed illustrative district divides Texas House congressional districts in FISD.

12. The shape of Plaintiff's proposed illustrative district violates the *Gingles* first factor's compactness inquiry.

13. Plaintiff's proposed illustrative district does not comply with the principle of "one person, one vote," meaning a district with 1/7 of the total FISD population with a deviation of no more than 10%.

14. Plaintiff's proposed illustrative district does not allow for the creation of six other districts that are compact, contiguous, and nearly as practicable of equal population. See Tex. Educ. Code §11.052(f).

15. Plaintiff's expert David Ely's methodology for determining Asian voters in FISD is not reliable.

16. Plaintiff's expert David Ely's methodology for determining Hispanic voters in FISD is not reliable.

17. Plaintiff's expert David Ely's methodology for determining African American voters in FISD is not reliable.

18. Plaintiff's expert Kenneth Mayer's use of voter data provided by expert David Ely is not reliable.

19. Plaintiff did not prove the minority coalition group of African Americans, Hispanics, and Asians in FISD is politically cohesive.

20. African American-supported candidates do not receive a majority of the Hispanic and Asian vote in most instances in FISD. See *Brewer v. Ham,* 876 F.2d 448, 453 (5${}^{th}$ Cir 1989).

21. Hispanic-supported candidates do not receive a majority of the African American and Asian vote in most instances in FISD. See *Brewer v. Ham,* 876 F.2d 448, 453 (5th Cir. 1989).

22. Asian-supported candidates do not receive a majority of the African American and Hispanic vote in most instances in FISD. See *Brewer v. Ham,* 876 F.2d 448, 453 (5th Cir. 1989).

23. The minority coalition group of African Americans, Hispanics, and Asians in FISD do not share common beliefs, ideals, principles, agendas, concerns, and the like such that they generally unite behind or coalesce around particular candidates and issues. See *LULAC v. Clements,* 986 F.2d 728, 744 (5th Cir. 1993).

24. The members of the minority coalition group of African Americans, Hispanics, and Asians in FISD do not have similar socioeconomic backgrounds resulting in common social disabilities and exclusion. See *LULAC v. Clements,* 999 F.2d 831, 897 n.50 (5th Cir. 1993) (en banc) (Jones, J., concurring).

25. The members of the minority coalition group of African Americans, Hispanics, and Asians in FISD do not have similar attitudes toward significant issues affecting FISD. See *LULAC v. Clements*, 999 F.2d 831, 897 n.50 (5th Cir. 1993) (en banc) (Jones, J., concurring).

26. The members of the minority coalition group of African Americans, Hispanics, and Asians in FISD have not consistently voted for the same candidates. See *LULAC v. Clements*, 999 F.2d 831, 897 n.50 (5th Cir. 1993) (en banc) (Jones, J., concurring).

27. Each minority within the minority coalition group of African Americans, Hispanics, and Asians in FISD do not consider themselves "one" with the other minority coalition group members, including in situations in which they would benefit independently. See *LULAC v. Clements*, 999 F.2d 831, 897 n.50 (5th Cir. 1993) (en banc) (Jones, J., concurring).

28. Plaintiff did not prove that the white majority in FISD votes sufficiently as a bloc to enable it, in the absence of special circumstances, usually to defeat the minority group coalition's (African Americans, Hispanics, and Asians) preferred candidates.

29. Plaintiff's proposed illustrative district does not provide the relevant minority coalition group within FISD (African Americans, Hispanics, Asians) with a "real" opportunity to elect representatives of the coalition group's choice – i.e., that the proposed district will in fact perform as Plaintiff hopes. See *Harding v. City of Dallas,* 948 F.3d 302 (5th Cir. 2020) (Ho, J., concurring and dissenting).

30. There is not a history of voting-related discrimination in FISD.

31. Voting in the FISD board elections is not racially polarized.

32. FISD has not used voting practices or procedures that tend to enhance the opportunity for discrimination against the minority coalition group of African Americans, Hispanics, and Asians.

33. Each of the minority coalition group members in FISD (African Americans, Hispanics, and Asians) does not bear the effects of past discrimination in areas such as education, employment, and health, which hinder their ability to participate effectively in the political process.

34. There is no use of overt or subtle racial appeals in FISD political campaigns.

35. Members of the minority coalition group have been elected to public office in FISD since 2019.

36. FISD elected officials are not unresponsive to the particularized needs of the members of the minority coalition group (African Americans, Hispanics, and Asians) within FISD.

37. The policy underlying FISD's use of an at-large election system is not tenuous.

38. There are no districts in which the minority coalition group within FISD (African Americans, Hispanics, and Asians) forms an effective majority that is roughly proportional to its share of the population in the relevant areas.

39. Partisan politics, not racial bias, better explains the defeat of minority coalition-preferred candidates in FISD school board elections.

40. Asians in FISD are not socioeconomically similar to African Americans and Hispanics in FISD.

41. Hispanics in FISD are not socioeconomically similar to African Americans and Asians in FISD.

42. African Americans in FISD are not socioeconomically similar to Hispanics and Asians in FISD.

43. Prior to the filing of this lawsuit, FISD's school board did not have notice of any complaints from the FISD community regarding its at-large electoral system.

44. FISD's at-large voting system does not have a racially discriminatory intent.

45. FISD's at-large voting system does not have a racially discriminatory purpose.

46. FISD's at-large voting system does not have a racially discriminatory effect.

B. **Conclusions of law**

1. Plaintiff does not have standing to assert a voting rights claim on behalf of African Americans.

2. Plaintiff does not have standing to assert a voting rights claim on behalf of Hispanics.

3. The Court does not have subject matter jurisdiction over Plaintiff's minority coalition voting rights claims in this suit.

4. Plaintiff cannot prove the first *Gingles* precondition.

5. Plaintiff cannot prove the second *Gingles* precondition.

6. Plaintiff cannot prove the third *Gingles* precondition.

7. Plaintiff cannot satisfy the totality of the circumstances test (i.e., the senate factors).

8. FISD's at-large voting system does not violate section 2 of the Voting Rights Act.

9. FISD's at-large voting system does not violate the 14th Amendment to the United States Constitution.

10. FISD's at-large voting system does not violate the 15th Amendment to the United States Constitution.

11. As a matter of law, Plaintiff's vote dilution claim is not cognizable under the 15th Amendment of the United States Constitution. See *Prejean v. Foster,* 227 F.3d 504 (5th Cir. 2000); *Lopez v. City of Houston,* 2009 U.S. Dist. Lexis 43430 (S.D. Tex. 2009).

12. Plaintiff is not entitled to a permanent injunction prohibiting FISD from conducting any future elections for its school board trustees under an at-large voting system.

13. Plaintiff is not entitled to an order directing FISD to devise an election plan and an implementation schedule that does not involve an at-large voting system.

14. Plaintiff is not entitled to an award of attorneys' fees.

15. Plaintiff is not entitled to an award of expert fees.

16. Plaintiff is not entitled to an award of other litigation expenses.

17. Plaintiff is not entitled to costs of court.

18. Defendants are entitled to costs of court.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**


*/s/ Charles J. Crawford*
**Charles J. Crawford**
State Bar No. 05018900
**Chad Timmons**
State Bar No. 24060732
**Lucas Henry**
State Bar No. 24101901
1700 Redbud Blvd., Ste. 300
McKinney, Texas 75069
(214) 544-4000 Telephone
(214) 544-4040 Facsimile
ccrawford@abernathy-law.com
ctimmons@abernathy-law.com
lhenry@abernathy-law.com

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

  I certify that on March 17, 2020, a true and correct copy of Defendants' Proposed Findings of Fact and Conclusions of Law was served upon Plaintiff's counsel by the Court's ECF system.

            */s/ Charles J. Crawford*
            Charles J. Crawford